IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Howard Boehm,                        )
                                     )
                    Plaintiff,       )   Case No. C-1-02-362
                                     )
        vs.                          )
                                     )
City of Portsmouth, et al.,          )
                                     )
                    Defendants.      )

Order Granting Summary Judgment

        Plaintiff initiated this action by filing a complaint
on May 22, 2002.  He asserted claims pursuant to 42 U.S.C. § 1983
against the City of Portsmouth, its Mayor, and its Public Service
Director.  Plaintiff alleged that the Defendants had violated his
right to due process as guaranteed by the United States
Constitution.

        On October 30, 2003, Defendants filed a well-supported
motion for summary judgment in this matter.  Each of the three
Defendants argued for summary judgment with respect to each claim
asserted against him or it.  The motion was supported by evidence
and citation to the controlling case law and other persuasive
authority demonstrating that Defendants were entitled to summary
judgment with respect to each claim.

        As of December 2, 2003, Plaintiff had not filed a
memorandum in opposition to Defendants' motion for summary
judgment.  Accordingly, the Court issued an order on that date

directing Plaintiff to show cause, on or before December 19, 2003, for the denial of Defendants' motion.  The Court advised Plaintiff that it would consider Defendants' motion as unopposed in the event that he did not timely respond to the Show Cause Order.  Nevertheless, Plaintiff did not respond.

Plaintiff bears the burden of proof with respect to each of the claims he has asserted in this matter.  Because Defendants have carried their burden under Rule 56(c) of the Federal Rules of Civil Procedure of demonstrating that no genuine issue of material fact exists, the burden has shifted to Plaintiff to identify an issue for trial.  See <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986).  Plaintiff has made no attempt to do so; therefore, summary judgment in Defendants' favor with respect to all claims asserted in this matter is appropriate.  See Fed.R.Civ.P. 56(e).

For that reason, Defendants' motion for summary judgment (Doc. 17) is hereby **GRANTED**.  This action is **CLOSED**.

**IT IS SO ORDERED.**

_____/s/_____

Sandra S. Beckwith
United States District Judge

2